ROGER ZARDO AND SHARON ZARDO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zardo v. Commissioner
Docket No. 1975-81
United States Tax Court
T.C. Memo 1982-94; 1982 Tax Ct. Memo LEXIS 649; 43 T.C.M. (CCH) 626; T.C.M. (RIA) 82094; February 23, 1982. Roger Zardo, pro se. Margaret A. Martin, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $ 263 in petitioners' Federal income tax for the taxable year 1978. The only issue remaining for decision concerns the amount of a casualty loss petitioners incurred in 1978. FINDINGS OF FACT Petitioners resided in Salinas, California at the time of filing the petition herein. Petitioners filed a timely *650 join Federal income tax return for the calendar year 1978 with the Internal Revenue Service in Fresno, California. The petitioners filed an amended joint Federal income tax return for the calendar year 1978 with the Internal Revenue Service in Fresno, California on March 26, 1980. In early February of 1978 there was a storm in Salinas Valley that was described by the local newspaper as "the worst ever." The storm blew down five Monterey Cypress trees on the petitioners' property at 90 Enos Drive in Salinas, California. The trees were forty to fifty feet in height. The petitioners' property at 90 Enos Drive consisted of a very deep lot with a house situated on the front end of the lot facing the street. It was approximately 90 feet from the house to the back end of the petitioners' property. The trees which blew down during the storm were located along the back end of the lot, and provided significant privacy. After the storm, there were some other mature Monterey Cypress threes remaining on the lot.The loss of the trees was not covered by insurance. On their original return, petitioners claimed a casualty loss of $ 1,200 for the loss of the threes ($ 1,100 after the $ *651 100 deductible provided by section 165(c)(3). [1] On petitioners' amended return, petitioners claimed a loss of $ 8,500 as a result of the destruction of the five Monterey Cypress trees in the storm. Respondent issued a deficiency notice totally disallowing any loss as a result of the destruction of the five Monterey Cypress trees. OPINION The parties agree that as a result of a severe storm in the Salinas area in February 1978, five large Monterey Cypress trees (some as high as 50 feet tall) were destroyed. There is no dispute that a casualty occurred within the meaning of section 165(c)(3), and the only question before us is the appropriate amount of the loss. [2]
*652 Section 165(c) permits individuals to deduct losses suffered on the destruction of nonbusiness property by reason of fire, storm, or other casualty to the extent that the loss from each casualty exceeds $ 100 and is not compensated for by insurance or otherwise. The proper measure of the loss sustained is the difference in the fair market value of the property immediately prior to the casualty, and its fair market value immediately thereafter, but not exceeding its adjusted basis. Helvering v. Owens,305 U.S. 468 (1939); Cornelius v. Commissioner,56 T.C. 976 (1971); Millsap v. Commissioner,46 T.C. 751 (1966), affd. on other issues 387 F.2d 420 (8th Cir. 1968); Broido v. Commissioner,36 T.C. 786 (1961); section 1.165-7(b)(1), Income Tax Regs. Realistic cost estimates of restoring the property to its condition before the casualty (as long as they do not improve the property and increase its fair market value beyond its pre-casualty level) are evidence of diminution in value. The parties agree that basis is not an issue in the present case. Petitioners presented their own case and the record is *653 not as complete as is desirable. However, several photographs were introduced that reveal in some detail the state of the property at a time reasonably proximate, for our purposes, to the time in issue. From these pictures, as well as the testimony of petitioners and their witnesses, it is clear that the storm destroyed several beautiful trees that provided privacy, a sense of spaciousness, and beauty to petitioners' backyard. Petitioners secured an estimate that replacing the trees with 20-foot trees (the tallest that would be practical to plant) would cost $ 8,500. This included digging up the old trees, purchasing the new trees, and properly planting them. However the preparer of the estimate did not appear at trial and the assumptions underlying the bare-bone figures are not adequately reflected in the record. Consequently, we find this estimate of little value.
Unfortunately, we are presented to some degree with conjecture in valuation cases of this type. Our task is magnified by the state of the present record. Nevertheless, it seems clear that there was a significant diminution in value as a result of the casualty. The costs of restoring the property to its original *654 condition probably, under the circumstances before us, present the best evidence of value. The cost of removing five large trunks with their associated roots without causing further damage, of hauling away the large amount of debris, and of restoring the land to its original condition would be at least $ 2,000. We believe that five replacement trees, 20 feet each, would have cost at least $ 500, and it would have been at least $ 500 to transport them to the property and plant them properly. Finally, petitioners would still have five trees that were 20 feet tall instead of five trees that were 50 feet tall, leaving some diminution of value, since the largest trees that could be used would not completely restore the property to its original condition. When we add this remaining diminution to the cost of repairing the property in the most economically way feasible, we hold that petitioners sustained a casualty loss of $ 3,500. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. The applicable provisions of sec. 165 read as follows: SEC. 165. LOSSES (a) GENERAL RULE:--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. (c) LIMITATION ON LOSSES OF INDIVIDUALS.--In the case of an individual, the deduction under subsection (a) shall be limited to-- (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; and (3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $ 100. For purposes of the $ 100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual. No loss described in this paragraph shall be allowed if, at the time of filing the return, such loss has been claimed for estate tax purposes in the estate tax return.↩